# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

___

## APPEAL NO. 23-13874
___

MOTHER DOE, on behalf of JOHN DOE

**Appellant**

v.

GRINDR, LLC and GRINDR HOLDINGS, LLC

**Appellees**

___

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION
## DC DOCKET NO. 5:23-cv-00193-JA-PRL

___

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT AND MOTION
## TO REMEDY DEFAULT

/s/ Krisel McSweeney
Krisel McSweeney
Fla. Bar No.: 112637
McSweeney Law Firm
5550 Glades Rd.,
Suite 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
Kmcsweeney@mcsweeneylawfirm.com

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Appellant Mother Doe on behalf of her minor child John Doe, pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rules 26.1–1, 26.1–2, and 26.1–3, hereby submit her Certificate of Interested Persons and Corporate Disclosure Statement.

In alphabetical order, following are all trial judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations and other identifiable legal entities related to a party:

A) Antoon, John - Senior District Judge, Middle District of Florida

B) Davis Wright Tremaine LLP – Law Firm for Appellees

C) Doe, John - Appellant, by and through Mother Doe

D) Doe, Mother - Appellant, on behalf of John Doe

E) Fairchild, Sara - Attorney for Appellees

F) Gold, Loren L. – Attorney for Appellant

G) Grindr, LLC - Appellee

H) Grindr Capital LLC – sole member of Appellee Grindr Holdings LLC

I) Grindr Gap LLC – sole member of Grindr Capital LLC

J) Grindr Group LLC – sole member of Grindr Gap LLC

K) Grindr Holdings LLC - Appellee

L) Grindr Inc. (GRND) – sole member of Grindr Group LLC

M) Hach Rose Schirripa & Cheverie, LLP – Law Firm for Appellant

N) Kumar, Ambika - Attorney for Appellees

O) Loren L. Gold, P.A. – Law Firm for Appellant

P) McSweeney Law Firm - Law firm for Appellant

Q) McSweeney, Krisel - Attorney for Appellant

R) Nappi, Hillary– Attorney for Appellant

S) Walters Law Group - Law Firm for Appellees

T) Walters, Lawrence G. - Attorney for Appellees

2. The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

Grindr Inc. (GRND)

3. The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

None.

## **MOTION TO REMEDY DEFAULT**

Mrs. McSweeney respectfully requests that this Honorable Court remedy default due to late filing of the Certificate of Interested Persons. On November 22, 2023, a timely Notice of Appeal was filed and the fee paid for the district court's ruling on Defendants' Motion to Dismiss. The case was docked November 28, 2023 and the Certificate of Interested Persons was due December 14, 2023.

Over the past few weeks, counsel, Krisel McSweeney and her three children, under ten years old, have faced unforeseen health challenges, which include the flu, and hand foot mouth disease. Complicating matters further, counsel's husband and three children were in a car accident on October 10, 2023, also requiring frequent follow up medical visits. Consequently, due to back injuries, counsel's husband is unable to provide much assistance in the home. Counsel has been personally

4

dealing with being sick, while also running her practice, and her young children have been unwell, requiring her full attention and care. In addition, counsel's mother has suffered episodes consistent with a stroke, requiring additional attention and care throughout this same period. Finally, counsel's case manager, Carolina Diaz, has encountered health complications and has been in the office sporadically, and at times during the relevant period not at all, leading to a slowdown in work.

Unfortunately, due to these conditions, counsel experienced an inadvertent oversight and such the filing deadline was missed. Counsel is aware of the importance of complying with court-imposed deadlines and sincerely apologizes for any inconvenience the oversight may have caused.

Counsel understands the importance of timely compliance with court orders and the impact of any delay on the proceedings. Counsel assures the Court that she is fully committed to addressing this matter promptly and efficiently.

In order to avoid another inadvertent oversight, counsel has also taken necessary steps to ensure that the legal proceedings are not further compromised. Counsel has engaged the services of appellate counsel,

Hillary Nappi of Hach Rose Schirripa, to co-counsel in this matter and hired the services of Gibson Moore Appellate Services, LLC. to assist with deadlines and filings. The process of securing co-counsel and the administrative services of the appellate service company was delayed due to the holiday season. .

Counsel sincerely apologizes for any inconvenience the unforeseen circumstances may have caused and appreciates the Court's consideration of this request. Counsel respectfully requests that the Court consider the following factors in support of this motion:

1. Failure to timely file was not due to any neglect or intentional delay. Rather, it was the result of an unintended error.
2. The underlying case involves an important and novel issue pertaining to the Communications Decency Act of 1996, 47 U.S.C. §230(c). The appeal raises significant legal issues that warrant review by this Honorable Court, and justice would be best served by allowing the appeal to proceed.
3. Filing the Certificate Stating No Transcript Ordered out of time would not unduly prejudice the opposing party. The delay is solely attributed to my inadvertent mistake, and allowing the

appeal to move forward will not impact the opposing party's ability to respond substantively.

4. Finally, granting this motion is in the public interest as it ensures a fair and just resolution of the legal issues presented in this case.

The Court is allowing the Certificate of Interested Persons, along with this Motion to Remedy Default to be filed no later than January 4, 2024. Immediately upon learning of the deficiency, counsel emailed opposing counsel to confer on December 27, 2023. Opposing counsel does not oppose to the instant relief requested. Counsel kindly requests the Court's understanding. Counsel is confident that with the assistance of co-counsel and appellate services, the case will proceed more effectively, efficiently and in a timely manner moving forward, and the interests of justice will be well served.

Mrs. McSweeney's inadvertent late filing was based on good cause. Based on the foregoing, Mrs. McSweeney respectfully submits that the above-mentioned are extraordinary circumstances justifying the delay and asks the Court to remedy default.

Dated: December 27, 2023 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Krisel McSweeney
　　　　　　　　　　　　　　　　　　Krisel McSweeney
　　　　　　　　　　　　　　　　　　*Counsel for Appellant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court via the Florida e-filing Portal this 27th day of December 2023, to counsel of record.

　　　　　　　　　　　　　　　　　　　　/s/ *Krisel McSweeney*

　　　　　　　　　　　　　　　　　　Krisel McSweeney, Esq.
　　　　　　　　　　　　　　　　　　Florida Bar No.112637